## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 14 2017, 9:20 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEES |
|---|---|
| Stanley E. Robison, Jr.<br>New Albany, Indiana | Thomas E. Banks II<br>Pregliasco Straw-Boone Doheny<br>Banks & Bowman, PLLC<br>Louisville, Kentucky |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Adoption of M.M.C.C.,<br><br>R.C.,<br><br>*Appellant-Respondent,*<br><br>v.<br><br>C.C. and C.C.,<br><br>*Appellees-Petitioners.* | July 14, 2017<br><br>Court of Appeals Case No.<br>10A01-1612-AD-2818<br><br>Appeal from the<br>Clark Circuit Court<br><br>The Honorable<br>Andrew Adams, Judge<br>The Honorable<br>William A. Dawkins, Magistrate<br><br>Trial Court Cause No.<br>10C01-1605-AD-29 |

**Kirsch, Judge.**

[1] R.C. ("Biological Father") appeals the trial court's order finding that his consent was not necessary for the adoption of M.M.C.C. ("Child") filed by

C.C. ("Mother") and C.C. ("Adoptive Father") (together, "Petitioners"). Biological Father raises the following restated issue for our review: whether the trial court erred when it concluded that his consent to the adoption was not required because he knowingly failed without justifiable cause to communicate significantly with Child when able to do so.

We affirm.

## Facts and Procedural History

Mother gave birth to Child on December 10, 2013. Mother had a relationship with Biological Father when they were both living in Kentucky. Mother describes her relationship with Biological Father to have been short-lived and that she was raped at gunpoint by Biological Father. Biological Father alleges that he and Mother were dating, and he acknowledges that he was married at the time of the relationship and that at least one of the "dates" occurred with his wife present. *Appellant's App*. at 16. Mother told Biological Father she was pregnant and abruptly left Kentucky and moved to Indiana when she was twelve weeks pregnant. Mother married Adoptive Father in October of 2013. She then gave birth to Child in Clark County, Indiana. Child has never had any contact with Biological Father. Petitioners acknowledge that they did not, and do not, want contact between Child and Biological Father.

Biological Father initiated a paternity action in Taylor County, Kentucky in early 2014. That case was dismissed under the UCCJA because Child was born and remained in the State of Indiana. In August 2014, Biological Father

brought a paternity action in Harrison County, Indiana. Because Harrison County was an improper venue, the case was ultimately transferred in January 2015 to Clark County, Indiana where the underlying action arose. On March 26, 2015, after DNA analysis established that Biological Father was Child's father, the trial court entered an order of paternity and child support, finding Biological Father to be the father of Child. The order did not establish parenting time, but did obligate Biological Father to pay weekly child support.

[5] Biological Father acknowledged that he was advised by the Clark County IV-D office that he would need to pursue contact with Child on his own. *Id*. at 17. On March 1, 2016, Biological Father filed a motion seeking an order of custody and parenting time with Child. Biological Father claimed that he had to raise money for a lawyer to seek parenting time and that it took him until March of 2016 to do so. *Id*. He acknowledged that his bank account had more than $15,000 in the Spring of 2015, but he did not obtain a lawyer at that time. *Id*. Instead, Biological Father spent the money on an automobile. *Id*. Prior to the March 2016 motion, Biological Father did not take any steps to seek parenting time with Child. Biological Father did not attempt to call Child, send emails, or make any home visits. Biological Father did not seek contact information for Child through the trial court or through counsel.

[6] Petitioners filed a Petition for Adoption of the Minor Child on May 6, 2016. Biological Father objected to the adoption. Petitioners requested that the trial court find that Biological Father's consent was not necessary for the adoption. The trial court held a hearing on the issue, and after hearing evidence, it issued

findings of fact and conclusions thereon, ordering that Biological Father's consent was not necessary for the adoption to proceed. The trial court held that Biological Father's failure to seek parenting time between March 26, 2015 and May 6, 2016, except for the single request, made consent for Petitioners to adopt Child unnecessary. *Id*. at 21-22. The trial court held that Biological Father's solitary filing was merely a token effort that was insufficient to require his consent for adoption. *Id*. at 21. Biological Father now appeals.

## Discussion and Decision

[7] Biological Father argues that the trial court erred when it determined that his consent was not necessary for Petitioners' adoption of Child to proceed. When reviewing a trial court's ruling in an adoption case, the appellant bears the burden of overcoming the presumption that the trial court's decision is correct. *In re Adoption of S.W.*, 979 N.E.2d 633, 639 (Ind. Ct. App. 2012) (citing *In re Adoption of A.S.,* 912 N.E.2d 840, 851 (Ind. Ct. App. 2009), *trans. denied*). We will neither reweigh the evidence nor judge the credibility of witnesses; instead, we will consider the evidence most favorable to the trial court's decision, and the reasonable inferences to be drawn therefrom, to determine whether sufficient evidence exists to sustain the decision. *Id.* We will not disturb the trial court's ruling unless the evidence leads to only one conclusion and the trial court reached an opposite conclusion. *Id*.

[8] Parental consent is generally required to adopt a child in Indiana. Ind. Code § 31-19-9-1. However, consent to adoption is not required from:

> A parent of a child in the custody of another person if for a
> period of at least one (1) year the parent:
>
> (A) fails without justifiable cause to communicate significantly
> with the child when able to do so; or
>
> (B) knowingly fails to provide for the care and support of the
> child when able to do so as required by law or judicial decree.

Ind. Code § 31-19-9-8(a)(2). "If a parent has made only token efforts to support or to communicate with the child the court may declare the child abandoned by the parent." Ind. Code § 31-19-9-8(b). The petitioner bears the burden to prove this by clear and convincing evidence. *In re Adoption of M.S.*, 10 N.E.3d 1272, 1279 (Ind. Ct. App. 2014).

[9] At the hearing on Petitioners' petition, evidence was presented that Biological Father was established as being the father of Child on March 25, 2015. He did not file his motion for parenting time until March 1, 2016, which was almost a year later. No evidence was presented that Biological Father took any steps to have contact with Child or attempted to contact Mother or her lawyer in order to have contact with Child. There was no evidence that Biological Father attempted to call Child, send letters or presents to Child, or make any inquiries into attempting to locate Mother and Child. Biological Father did not file any other actions to try to establish parenting time prior to the action filed in March 2016. The only action Biological Father took, between March 26, 2015 when paternity was established and the filing of the adoption petition on May 6, 2016, to attempt contact with Child was to file a single motion with the trial

court seeking parenting time. The evidence was sufficient to support the trial court's conclusion that Biological Father failed without justifiable cause to communicate significantly with Child for a period of one year. We, therefore, conclude that the trial court did not err in holding that Biological Father's consent was not necessary for the adoption of Child by the Petitioners to proceed.

[10] Affirmed.

[11] Mathias, J., and Altice, J., concur.